

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

October 29, 2020

BY ECF

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Ryan Goodman v. U.S. Dep't of Defense*,
             No. 20-cv-8349 (LJL)

Dear Judge Liman:

      This Office represents the United States Department of Defense ("Defendant" or "Agency") in connection with the above-referenced action brought pursuant to the Freedom of Information Act ("FOIA"). I write on behalf of both parties in advance of the November 4, 2020, initial conference to provide a pre-conference statement (the "Statement"), as required by the Court's October 26, 2020, scheduling order. *See* Dkt. No. 6.

      As a brief overview of this action, Plaintiff Ryan Goodman, co-editor-in-chief of *Just Security*, an online publication dedicated to national security law and policy, brings suit pursuant to FOIA seeking records that "show the number of American troops serving in Afghanistan, Iraq, and Syria on a quarterly basis," as well as "records that show why these figures were suddenly hidden from the American public [beginning in December 2017]." Complaint at ¶ 1. In an effort to obtain these records, Plaintiffs submitted two FOIA requests on April 21, 2020. After Defendants did not produce documents responsive to the FOIA request, Plaintiffs initiated this action on October 7, 2020.

      While the Court's order scheduling the initial conference set forth certain information for the parties to include in the Statement, the parties respectfully submit that, given this is an action pursuant to FOIA, a typical, civil discovery schedule is not warranted in this case. *See, e.g.*, *N.Y. Immigration Coalition, et al. v. U.S. Dep't of Homeland Security, et al.*, No. 19 Civ. 3438 (LAK) (BCM), ECF No. 18. Rather, the parties respectfully submit competing proposed schedules as to Defendant's response to Plaintiffs' FOIA requests.

      Defendant respectfully proposes the following schedule:

- With respect to Plaintiff's first request, regarding records that show American troop levels in Afghanistan, Iraq, and Syria, Defendant shall provide a final response on or before December 11, 2020. Defendant will work to produce the requested records as quickly as possible, but requires sufficient time to locate accurate data, determine whether there are sensitivities regarding the data's release pursuant to an exemption under the FOIA, and coordinate any release with Agency components that may be affected by release of records regarding the troop-level request.

- With respect to Plaintiff's second request, regarding records that show why Defendant stopped publishing troop counts and the criteria for the counts they provide, Defendant shall provide Plaintiff with an estimated page count of responsive records, as well as a proposed processing and release schedule, on or before December 11, 2020. Defendant will work as expeditiously as possible, but needs sufficient time to complete reasonable searches of all components likely to have responsive records and determine the volume of responsive records in order, in turn, to propose a reasonable production schedule in response to Plaintiff's document request.

Plaintiff opposes Defendant's proposed schedule on the ground that it is unreasonable. Because Defendant's response to the FOIA request is already long overdue, Plaintiff requests that the Court order Defendant to respond on a tighter timeline. For over a decade, the Department reported the troop numbers for Afghanistan, Iraq, and Syria publicly on a routine basis. Plaintiff has already waited nearly six months for a response from the Department of Defense, and the data Plaintiff seeks—U.S. troop numbers in Afghanistan, Iraq, and Syria—should be at the fingertips of every policymaker in the Department. The President has claimed on multiple occasions that thousands of troops are coming home by the end of the calendar year, without indicating from what baseline number those troop reductions should be subtracted. Given these highly publicized statements, the Department's indication that it requires over six weeks from October 28 until December 11 to gather and release troop numbers strains even a layperson's understanding of how the Department operates. Each day these numbers remain hidden amounts to a more severe failure of democratic accountability and transparency. Plaintiff believes that an additional three weeks is more than sufficient to collect the data requested, and therefore ask that Defendant disclose the data no later than November 23. Plaintiff also requests that the Court set a date for Defendant to produce the additional documents requested.

The parties thank the Court for its attention to this matter.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

By: /s/ Ilan Stein
    ILAN STEIN
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: (212) 637-2525
    E-mail: ilan.stein@usdoj.gov