AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
Attorney for Defendant
By: ILAN STEIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212.637.2525
Fax: 212.637.2730
Email: ilan.stein@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN GOODMAN, as Co-Editor-in-Chief of
Just Security,

                              Plaintiff,

            v.

DEPARTMENT OF DEFENSE,

                              Defendant.

**ANSWER**

**20 Civ. 8349 (LJL)**

        Defendant the United States Department of Defense ("Defendants" or "Agency"), by its

attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York,

answers Plaintiff's Complaint on information and belief as follows:

        1.      Paragraph 1 of the Complaint constitutes Plaintiff Ryan Goodman's ("Plaintiff")

characterization of this action to which no response is required.

        2.      The allegations contained in paragraph 2 of the complaint do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

        3.      The allegations contained in paragraph 3 of the complaint do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

4.      The allegations contained in paragraph 4 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 5 of the complaint.  The allegations contained in the second and third sentences of paragraph 5 of the complaint characterize Plaintiff's two FOIA requests.  The Court is respectfully directed to the FOIA requests for a full and accurate statement of their contents.  Admits that, as of the date of the complaint, Defendant had not provided any responsive records.

6.      Paragraph 6 of the complaint contains legal conclusions relating to jurisdiction, to which no response is required.

7.      Paragraph 7 of the complaint contains legal conclusions relating to venue, to which no response is required.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the complaint.

10.     Admits the allegations in paragraph 10 of the complaint.

11.     The allegations contained in paragraph 11 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 11.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

12.     The allegations contained in paragraph 12 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

13.     The allegations contained in paragraph 13 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

14.     The allegations contained in paragraph 14 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 14.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

15.     The allegations contained in paragraph 15 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 15.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

16.     The allegations contained in paragraph 16 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 16.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

17.     The allegations contained in paragraph 17 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 17.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

18.     The allegations contained in paragraph 18 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 18.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

19.     The allegations contained in paragraph 19 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 19.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

20.     The allegations contained in paragraph 20 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

21.     The allegations contained in paragraph 21 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 21.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

22.     The allegations contained in paragraph 22 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 22.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

23.     The allegations contained in paragraph 23 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 23.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

24.     The allegations contained in paragraph 24 of the complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Plaintiff cites publicly available sources in paragraph 24.  The Court is respectfully directed to those sources for a full and accurate statement of their contents.

25.     The allegations contained in paragraph 25 of the complaint characterize Plaintiff's two FOIA requests.  The Court is respectfully directed to the FOIA requests for a full and accurate statement of their contents.

26.     The allegations contained in paragraph 26 of the complaint characterize Plaintiff's two FOIA requests.  The Court is respectfully directed to the FOIA requests for a full and accurate statement of their contents.

27.     The allegations contained in paragraph 27 of the complaint characterize Plaintiff's two FOIA requests.  The Court is respectfully directed to the FOIA requests for a full and accurate statement of their contents.

28.     The allegations contained in paragraph 28 of the complaint characterize Plaintiff's two FOIA requests.  The Court is respectfully directed to the FOIA requests for a full and accurate statement of their contents.

29.     The allegations contained in paragraph 29 of the complaint characterize Plaintiff's two FOIA requests.  The Court is respectfully directed to the FOIA requests for a full and accurate statement of their contents.

30.     Admits the allegations in paragraph 30 of the complaint, which characterize Defendant's April 23, 2020 responses to Plaintiff's FOIA requests.  The Court is respectfully directed to Defendant's responses for a full and accurate statement of their contents.

31.     Admits the allegations in the first sentence of paragraph 31 of the complaint. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 31 of the complaint.

32.     Admits the allegations in paragraph 32 of the complaint, as of the date of the complaint.

33.     Paragraph 33 of the complaint contains legal conclusions to which no response is required.

34.     Defendant incorporates by reference its responses to the above paragraphs.

35.     Paragraph 35 of the complaint contains legal conclusions to which no response is required.

36.     Defendant incorporates by reference its responses to the above paragraphs.

37.     Paragraph 37 of the complaint contains legal conclusions to which no response is required.

38.     Defendant incorporates by reference its responses to the above paragraphs.

39.     Paragraph 39 of the complaint contains legal conclusions to which no response is required.

40.     The remainder of the complaint contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, denies that Plaintiff is entitled to the relief that he seeks or to any relief.

## DEFENSES

41.     For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

42.     Plaintiff's complaint should be dismissed in whole or in part for failure to state a claim on which relief may be granted.

## SECOND DEFENSE

43.     Some or all of the requested documents or information are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

**THIRD DEFENSE**

44.     The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**FOURTH DEFENSE**

45.     Plaintiffs are not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

46.     Plaintiffs are not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

**SIXTH DEFENSE**

47.     Plaintiff is not entitled to expedited processing of their FOIA requests under 5 U.S.C. § 552(a)(6)(E).

48.     Defendant may have additional defenses which are not known at this time but which may become known through further proceedings.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

49.     WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated:      New York, New York
              December 14, 2020

                              AUDREY STRAUSS
                              Acting United States Attorney for the
                              Southern District of New York
                              Attorney for Defendant

             By:      /s/ Ilan Stein
                              ILAN STEIN
                              Assistant United States Attorney
                              86 Chambers Street, 3rd floor
                              New York, New York 10007
                              Telephone: (212) 637-2525
                              Fax: (212) 637-2730
                              Email:  ilan.stein@usdoj.gov

To:     Plaintiff's counsel (via ECF)

8