

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street, 3rd Floor
New York, New York 10007

December 15, 2020

<u>BY ECF</u>

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Ryan Goodman v. U.S. Dep't of Defense*, No. 20-cv-8349 (LJL)

Dear Judge Liman:

      This Office represents the United States Department of Defense ("Defendant" or "Agency") in connection with the above-referenced action brought pursuant to the Freedom of Information Act ("FOIA"). On November 4, 2020, the Court ordered Defendant to provide a final response with respect to (1) Plaintiff's first FOIA request, regarding records sufficient to show American troop levels in Afghanistan, Iraq, and Syria for the period from December 2017 to the most recent available quarter, on or before November 23, 2020, and (2) with respect to Plaintiff's second FOIA request, "regarding, among other things, records sufficient to show why Defendant stopped publishing troop counts and the criteria for the counts they provided," on or before December 11, 2020. (ECF No. 12 ("November 4 Order").)

      In the November 4 Order, the Court further ordered Defendant to file a letter on or before December 15, 2020, explaining the status of compliance with the Order. (*Id.*) Defendant writes respectfully to inform the Court that it has complied with the Court's November 4 Order, as described more fully below. (*Id.*)

      <u>Response to Plaintiff's First FOIA Request</u>

      Plaintiff's first FOIA request has three parts: (1) "[r]ecords sufficient to show the number of military and DoD Appropriated Fund (APF) civilian personnel . . . ," (2) "[r]ecords sufficient to show the number of U.S. Armed Forces personnel on temporary duty or deployed in support of contingency operations . . . ," and (3) "[r]ecords sufficient to show the Force Management Level . . . ." (ECF No. 1-2.) On November 20, 2020, the Court granted Defendant's request for an extension of time—until December 11, 2020—for Defendant to respond to the second and third parts of the request. (ECF No. 15.)

      By letter dated November 23, 2020, Defendant provided Plaintiff with an interim response to the first FOIA request and released data responsive to item 1 of that request regarding the

number of military and APF civilian personnel permanently assigned to Afghanistan, Iraq, and Syria.

By letter dated December 11, 2020, Defendant provided a final response to Plaintiff's first FOIA request. In it, Defendant informed Plaintiff that, for the data requested in items 2 and 3 of Plaintiff's request, "Acting Secretary of Defense, Christopher C. Miller, who has original classification authority, has determined that such data is currently and properly classified under section 1.4(a) (military plans or operations) and 1.4(d) (foreign relations or foreign activities of the United States) of Executive Order ('EO') 13526 and thus exempt from release pursuant to Exemption 1 of the FOIA."

<u>Response to Plaintiff's Second FOIA Request</u>

By letter dated December 11, 2020, Defendant provided a final response to Plaintiff's second FOIA request, which sought (1) "[r]ecords sufficient to show the criteria for counting or determining the number of military personnel by country reported in the DMDC quarterly manpower report . . . ," (2) "[r]ecords sufficient to explain the decision to stop publishing the number of military personnel assigned to Afghanistan, Iraq, and Syria in DMDC quarterly reports . . . ," (3) "[r]ecords sufficient to show the criteria for counting or determining the number of personnel under the Force Management Level (FML) for Afghanistan, Iraq, and Syria," and (4) "[r]ecords sufficient to show whether FML continues to function as a troop cap in Afghanistan, Iraq, and Syria." (ECF No. 1-3.) Defendant produced twenty (20) pages of records in response to this request. Its response includes May 2018 letters between then-Secretary James Mattis and the Congressional Committee on Oversight and Government Reform, action memos relating to force reporting, and force management implementation plans. In its December 11 letter to Plaintiff, Defendant explained that "[c]ertain information [in those records] has been withheld under Exemption 1 because the information is currently and properly classified under section 1.4(a) and 1.4(d) of EO 13526." Certain personnel information was also withheld pursuant to 5 U.S.C. § 552(b)(1)(6).

I thank the Court for its attention to this matter.

                                        Respectfully,

                                        AUDREY STRAUSS
                                        Acting United States Attorney
                                        Southern District of New York

                                        By:   /s/ Ilan Stein
                                        ILAN STEIN
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2525
                                        E-mail: ilan.stein@usdoj.gov