

## ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

# Yale Law School

December 15, 2020

<u>BY ECF</u>

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re: *Ryan Goodman v. U.S. Dep't of Defense*,
      No. 20-cv-8349 (LJL)

Dear Judge Liman:

   We are writing on behalf of Plaintiff Ryan Goodman ahead of the Court's scheduled hearing on Thursday, December 17, and in response to the letter that Defendant Department of Defense ("Department") filed on December 15, 2020. (ECF No. 20.) Mr. Goodman submitted two FOIA requests to the Department *eight* months ago seeking (1) the number of U.S. troops stationed in Afghanistan, Iraq, and Syria, and (2) documents explaining why, after many years of disclosing these numbers, the Department stopped publishing specific troop numbers for these three countries in late 2017. After waiting nearly six months without a response from the Department on either request, Mr. Goodman filed a complaint with the Court on October 7, 2020. This complaint was the subject of the parties' hearing before the Court six weeks ago, on November 4.

   At the November 4 hearing, we set out multiple reasons that the Department's continued inaction is unreasonable. First, the Department had already breached the response time that FOIA statutorily requires, and the oncoming holidays would add further delay. Second, various administration officials, including the President, have selectively claimed certain numbers of troops to be in some of these countries. Thus, the basic data and explanatory records that Mr. Goodman requested should already be readily available to many officials in the Department and should not require the kind of time-consuming search associated with some FOIA requests. Following the hearing, the Court ordered the Department to respond to Mr. Goodman's first request by November 23, and his second request by December 11. (ECF No. 12.) The Department sought a deadline extension until December 11 for fulfilling Mr. Goodman's first request, and Plaintiff consented on the condition that the Department seek no further extensions. (ECF No. 14.)

P.O. BOX 208215, NEW HAVEN, CONNECTICUT 06520-8215 • FACSIMILE 203 432-3034
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CT 06511



On November 23 and December 11, the Department sent documents supposedly responsive to Plaintiff's two FOIA requests. On November 23, in response to Mr. Goodman's first request seeking troop numbers, the Department produced numbers for only the few dozen to few hundred troops stationed *on permanent orders* to each of three countries—a fraction of the total force that standing alone does not reveal how many Americans are actually deployed. On December 11, the Department informed Mr. Goodman that it would withhold all numbers concerning the kind of temporary orders that the Department typically uses to send Americans overseas, claiming that this data is "currently and properly classified" under Executive Order 13526 and FOIA Exemption 1. On the same date, in response to Plaintiff's second FOIA request for documents explaining the redaction of troop numbers, the Department provided only twenty pages—seven of which were already public[1] and the remaining thirteen of which were heavily redacted under Executive Order 13526 and FOIA Exemption 1.

The Department's December 11 response to Mr. Goodman's request is deficient for two reasons: (1) the response is the result of an inadequate search, and (2) the Department has no plausible legal claim for classification and exemption pursuant to Executive Order 13526 and FOIA Exemption 1.

The Department's December 11 response to Mr. Goodman's second FOIA request for explanatory documents plainly resulted from an inadequate search. In earlier discussions, the Department indicated that *four* Department components would need to coordinate to compile and assess the documents responsive to Mr. Goodman's second request, suggesting a level of bureaucratic complexity that might explain Defendant's long delay in fulfilling Plaintiff's request. Moreover, Mr. Goodman made requests for explanatory documents on four separate topics, ranging from records sufficient to show "the criteria for counting or determining the number of military personnel by country reported in the DMDC quarterly manpower report" to records sufficient to "explain the decision to stop publishing the number of military personnel assigned to Afghanistan, Iraq, and Syria." (ECF No. 1-3.)

Instead, the packet of *only thirteen highly redacted internal pages* supposedly responsive to all four categories of requests indicate that the Department has not made a good faith effort to gather all relevant documents in the eight months since Plaintiff first submitted his FOIA requests. The Department does not suggest that other documents that bear on these four categories are privileged, or provide some other rationale for excluding them—they are simply absent. Further, because the Department has made publicly available the permanent troop counts for all countries, it is implausible on its face that the criteria for calculating them should be exempt from disclosure.

Moreover, the Department has no valid legal claim that temporary troop numbers are classified and exempt from reporting. Temporary troop numbers in the Middle East and South Asia were consistently available to the American public in the past—notably for the greater

---

[1] *See* David Welna, *Pentagon Questioned Over Blackout on War Zone Troop Numbers*, NPR (July 3, 2018), https://www.npr.org/2018/07/03/625544265/pentagon-questioned-over-war-zone-numbers-blackout.



duration of the ongoing wars in the region. Until late 2017, the Department of Defense reported figures accounting for both temporary and permanent troops in publicly accessible quarterly manpower reports. Furthermore, the current administration has consistently shared estimated troop numbers with the public in press conferences and news stories, including as recently as November 17, 2020.[2] In light of the Department's public estimates of total troop strength, and its FOIA disclosure of permanent troop figures, the government cannot justifiably claim that the temporary troop figures, which appear to make up the overwhelming majority of the troop numbers, are exempt from disclosure. To allow the government to follow such inconsistent policy on releasing troop numbers enables a shell game, whereby the government can switch troops into the "temporary" category, make overall numbers public only when politically expedient, and make any verification impossible. Particularly amid an ongoing presidential transition, all relevant troop numbers should again be made public to allow the American people to exercise democratic oversight while a new administration is taking the helm of these ongoing conflicts.

The Department's evasive responses demonstrate that the Defendant will only respond to the most unambiguous judicial directives. We therefore respectfully request—and will again request at the hearing on December 17—that this Court require the Department to:

(1) submit within seven calendar days either the troop numbers directly responsive to Plaintiff's first FOIA request, lodged nearly eight months ago, or an affidavit by an original classification authority explaining with specificity why these previously reported troop numbers are now properly classified and cannot be disclosed, and when the classification decision was made;

(2) submit by January 6, 2021, an affidavit by an original classification authority explaining with specificity why information responsive to Plaintiff's second FOIA request is now properly classified and cannot be disclosed, and why only 13 internal pages were deemed responsive to these four categories of requested documents; and

(3) provide to Plaintiff by January 6, 2021, a written clarification of the criterion the Department uses to place troops in temporary versus permanent personnel categories.

No further extensions should be granted.

Since we filed our initial FOIA request, and again since we filed the complaint, the President and his subordinates have been insisting to the public they will reduce certain troop numbers to specific levels by year's end. They should not be allowed to do so while stonewalling the baseline from which such troops would be subtracted. After having more than ample time to respond to Plaintiff's requests, the U.S. government has already sought more time to fulfill those requests and has produced nearly no meaningful information. As this administration exits, the American public deserves to know a simple fact: how many U.S. servicemembers are serving in

---

[2] Jim Garamone, *U.S. Will Draw Down Forces in Afghanistan, Iraq, Acting Secretary Says*, U.S. Dep't Def. (Nov. 17, 2020), https://www.defense.gov/Explore/News/Article/Article/2418416/us-will-draw-down-forces-in-afghanistan-iraq-acting-secretary-says.



harm's way in these three key countries. At this moment of presidential transition, the timely resolution of these requests is particularly critical.

We look forward to the hearing on December 17 and thank the Court for its attention to this matter.

Respectfully submitted,

MEDIA FREEDOM & INFORMATION
ACESS CLINIC and PETER GRUBER
RULE OF LAW CLINIC

By: _____/s/ David A. Schulz_____
David A. Schulz, Supervising Attorney
(S.D.NY. Bar No. DS-3180)
Michael Linhorst, Supervising Attorney
James Fitch, Law Student Intern
Media Freedom & Information Access Clinic
Abrams Institute
Yale Law School
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 850-6103
schulzd@ballardspahr.com
michael.linhorst@ylsclinics.org
james.fitch@ylsclinics.org

Annie Himes, Law Student Intern
Nicole Ng, Law Student Intern
Brandon Willmore, Law Student Intern
Harold Hongju Koh, Supervising Attorney
Phillip Spector, Supervising Attorney
Peter Gruber Rule of Law Clinic
127 Wall Street
New Haven, CT 06511
annie.himes@ylsclinics.org
nicole.ng@ylsclinics.org
brandon.willmore@ylsclinics.org
harold.koh@ylsclinics.org
phil.spector@ylsclinics.org

cc:   Ilan Stein
      Assistant United States Attorney
      Southern District of New York