

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

December 16, 2020

BY ECF

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Ryan Goodman v. U.S. Dep't of Defense*, No. 20-cv-8349 (LJL)

Dear Judge Liman:

      This Office represents the United States Department of Defense ("Defendant" or "Agency") in connection with the above-referenced action brought pursuant to the Freedom of Information Act ("FOIA"). On December 15, 2020, Plaintiff submitted a letter in which he requested that the Court order Defendant to (1) "submit within seven calendar days either the troop numbers directly responsive to Plaintiff's first FOIA request . . . or an affidavit by an original classification authority explaining with specificity why these previously reported troop numbers are now properly classified . . ."; (2) "submit by January 6, 2021, an affidavit by an original classification authority explaining with specificity why information responsive to Plaintiff's second FOIA request is now properly classified and cannot be disclosed, and why only 13 internal pages were deemed responsive to these four categories of requested documents"; and (3) "provide to Plaintiff by January 6, 2021, a written clarification of the criterion the Department uses to place troops in temporary versus permanent personnel categories." (ECF No. 21.) I write respectfully to object to Plaintiff's request and instead to propose a briefing schedule for cross-motions for summary judgment, which is the proper procedure to resolve Plaintiff's objections to the Agency's responses to his FOIA requests.

      Plaintiff's first two requests for the Agency to file standalone affidavits, outside the context of dispositive motions, is premature. In the FOIA context, summary judgment motions are the appropriate vehicle for testing the adequacy of the agency's search for responsive records and application of exemptions, and affidavits are filed to allow the defending agency to meet its burden on summary judgment "of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Plaintiff seeks here to untether the requested affidavits from their principal purpose: to support a motion for summary judgment. Plaintiff does not identify any reason for the Court to order the Agency to file affidavits before dispositive motion practice. Unless and until this litigation reaches the summary-judgment stage—which the Agency proposes as an immediate next step, *see infra*—Plaintiff's request for affidavits should be rejected as premature. *Cf. Stimac v.*

*U.S. Dep't of Justice*, 620 F. Supp. 212, 213 (D.D.C. 1985) (denying as "untimely" plaintiff's motion for DOJ component to prepare *Vaughn* index because it "would be premature before the filing of dispositive motions").

Plaintiff's third request—for a written clarification of the criterion the Department uses to place troops in temporary versus permanent personnel categories—is also improper. FOIA does not permit courts to compel an agency to produce anything other than responsive, non-exempt records. *See* 5 U.S.C. § 552(a)(4)(B) (district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld" from plaintiff). Where an agency establishes that information falls within a FOIA exemption, it cannot be compelled to produce that information, even in an altered or modified form. *See, e.g., Kissinger* v. *Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) ("The Act does not obligate agencies to create or retain documents."); *NLRB* v. *Sears, Roebuck & Co.*, 421 U.S. 132, 162 (1975) (FOIA "only requires disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create"); *ACLU v. Dep't of Justice*, 681 F.3d 61, 71 (2d Cir. 2012) ("if the Government altered or modified the [requested document] . . . the Government would effectively be 'creating' documents—something FOIA does not obligate agencies to do"); *Carson v. U.S. Office of Special Counsel*, 534 F. Supp. 2d 99, 103 (D.D.C. 2008) ("[P]laintiffs' request that this Court order the defendant to create records or to render opinions . . . is not cognizable under the FOIA."). And FOIA does not require agencies to "produce or create explanatory material," *Sears, Roebuck & Co.,* 421 U.S. at 161–62, or "answer questions," *Hudgins v. IRS,* 620 F. Supp. 19, 21 (D.D.C. 1985).

Because the Agency has provided Plaintiff with final responses to his FOIA requests, and Plaintiff wishes to challenge those responses, the appropriate next step is for the Court to set a briefing schedule for motions for summary judgment. In support of its motion, the Agency will submit one or more declarations to carry its burden of showing that its search was adequate and any withheld documents fall within a statutory exemption. Accordingly, this Office respectfully requests that the Agency be permitted to file the opening motion for summary judgment on or before January 18, 2021. This deadline will enable the Agency to prepare the requisite declaration(s) and complete the Agency's internal review processes, and allow our Office draft the opening brief.

I thank the Court for its attention to this matter and look forward to discussing these matters at tomorrow's conference.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

By: __/s/ Ilan Stein__
ILAN STEIN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2525
E-mail: ilan.stein@usdoj.gov

cc: Plaintiff's counsel (via ECF)