

ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

# Yale Law School

January 18, 2021

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> GRANTED IN PART. The parties shall file a joint status letter with the Court regarding settlement within forty-five days of the date of this Order. The parties are ORDERED to show cause (or express consent) by Friday, January 22, 2021 why, in lieu of holding the motion for summary judgment in abeyance, the Court should not dismiss the motion in light of the possibility of settlement, without prejudice to the Government renewing the motion upon the filing of a letter asking for it to be renewed. SO ORDERED. 1/19/2021
>
> SO ORDERED.
> *[signature]*
> LEWIS J. LIMAN
> United States District Judge

Re:   *Ryan Goodman v. U.S. Dep't of Defense*,
       No. 20-cv-8349 (LJL)

Dear Judge Liman:

We represent plaintiff Ryan Goodman in the above-referenced Freedom of Information Act ("FOIA") lawsuit against the U.S. Department of Defense ("Department"). We submit this letter to respectfully request the Court to hold defendant's pending summary judgment motion in abeyance while the parties engage in discussions to see if a settlement is possible in light of significant new disclosures made by the Department last week. Defendant has authorized us to convey its consent to this request, and the parties propose to submit in forty five days a joint status report to the Court on the progress of their settlement talks.

As the Court is aware, plaintiff pushed for an expedited disclosure of information sought through the FOIA requests at issue before the change of Administrations in Washington on January 20, 2021. In response, the Court entered an order on December 17, 2020 providing for the accelerated briefing of simultaneous cross motions for summary judgment. On January 4, 2021, the Court granted the Department's motion for a brief extension of time and also granted the parties' joint request to modify the schedule to provide that the Department would file its summary judgment motion first. *See* Dkt. No. 26. Pursuant to the revised schedule, the Department's motion and supporting papers were filed last Monday, January 11; plaintiff's cross-motion and response is currently due this Friday, January 22. *See id*.

At the time of its filing last week, the Department submitted declarations to the Court putting the current Administration's position on the record. The Department also provided plaintiff with 156 pages of new records called for by his FOIA requests: 65 new pages on January 6, and 91 new pages on January 11. These newly disclosed records provided for the first time quarterly estimates of the total U.S. troop strength in Afghanistan, Iraq, and Syria. The records and the Department's declarations also provided additional information about the basis for 2017 change in policy concerning the disclosure of troop strength numbers.



In response to these new disclosures, counsel for the parties conferred on January 15 about certain questions raised by the new information and about the impact of the new disclosures on this litigation. While the redacted supplemental records do not fully satisfy the FOIA requests, the additional information the Department has provided suggests a potential path to a voluntary resolution of the remaining issues. In the January 15 call, we posed certain clarifying questions to the Department. Department counsel agreed to take a written version of these inquiries to their client. Given recent events in Washington and this week's change of Administrations, it may take several weeks to obtain the needed answers.

With the Department's consent, we therefore respectfully request the Court to hold the Department's summary judgment motion in abeyance with no further briefing or cross motion until further order of the Court, so that the parties may pursue settlement discussions. If this request is granted, the parties would submit a joint status report to the Court in forty-five days. This is plaintiff's first request for adjournment or extension of the briefing schedule. The parties do not currently have a scheduled appearance before the Court.

We thank the Court for its consideration of this request.

Respectfully submitted,

MEDIA FREEDOM & INFORMATION ACESS CLINIC and PETER GRUBER RULE OF LAW CLINIC

By: /s/ Michael Linhorst
David A. Schulz, Supervising Attorney
Michael Linhorst, Supervising Attorney
James Fitch, Law Student Intern
Media Freedom & Information Access Clinic
Abrams Institute
Yale Law School
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 850-6103
schulzd@ballardspahr.com
michael.linhorst@ylsclinics.org
james.fitch@ylsclinics.org

Nicole Ng, Law Student Intern
Brandon Willmore, Law Student Intern
Harold Hongju Koh, Supervising Attorney

Peter Gruber Rule of Law Clinic
127 Wall Street
New Haven, CT 06511



nicole.ng@ylsclinics.org
brandon.willmore@ylsclinics.org
harold.koh@ylsclinics.org

Phillip Spector
Messing & Spector LLP
1200 Steuart Street #1414
Baltimore, MD 21230
ps@messingspector.com

cc:    Sarah Normand & Ilan Stein
       Assistant United States Attorneys, Southern District of New York